UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **THE BUSINESS STORE, INC.,** | : | Civil Action No. 11-3662 (FLW) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **MEMORANDUM ORDER** |
| **MAIL BOXES ETC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

This matter comes before the Court upon Motion [Docket Entry No. 19] by Defendants Mail Boxes Etc., Inc. ("MBE"), seeking leave to file a Third-Party Complaint against F. Dana Harris and Jennifer D. Harris (the "Harrises"). Plaintiff The Business Store, Inc. ("TBS") has filed a brief in opposition [Docket Entry No. 21]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, MBE's motion. The Court considers MBE's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, MBE's motion is GRANTED.

**I. Background and Procedural History**

This matter involves a claim by TBS, a former franchisee of MBE, against MBE alleging, among other things, breach of contract and improper termination. On July 11, 2011, MBE filed an Answer and Counterclaim against TBS [Docket Entry No. 7] seeking damages for TBS's alleged material breaches of certain franchise agreements and a promissory note.

MBE explains that the Harrises are owners of TBS and are guarantors of TBS's obligations under several agreements made between the parties. MBE refers to 3 separate franchise agreements.

...

MBE states that, in conjunction with those agreements, TBS made a promissory note in favor of MBE in the amount of $65,000. MBE contends that the Harrises provided MBE with a continuing guaranty of TBS's obligations under the franchise agreements and the note. Thus, MBE asserts that the Harrises are directly and independently liable to MBE for TBS's material breach of, and obligations under, the franchise agreements and the note. MBE seeks leave of the Court to bring the Harrises into this matter as third-party defendants.

MBE addresses the factors considered by courts in this Circuit when ruling upon a motion to join a non-party pursuant to Rule 14(a). *MBE's Letter Brief in Support of Motion*, Docket Entry No. 19-1 at *1. MBE contends that all factors weigh in favor of granting MBE's motion. MBE concedes that it filed this motion 11 days beyond the deadline for filing a motion to join new parties as set by the Court's Scheduling Order [Docket Entry No. 16]. MBE explains that the delay was inadvertent and was caused by the transfer of the case from one attorney in the firm to current counsel. MBE asserts that the delay in filing this motion will not prejudice TBS and any delay in the resolution of this matter will be far outweighed by the benefits of judicial economy in consolidating these matters. MBE points out that discovery in this case is still in its infancy.

TBS has filed an opposition to MBE's motion [Docket Entry No. 21]. In it, TBS provides a history of this case. TBS points out that the Harrises were mentioned in MBE's previous motion to transfer the case to California [Docket Entry No. 8] which was filed on July 11, 2011 and denied on February 16, 2012 [Docket Entry No. 14]. TBS complains that MBE took no action to join the Harrises until the present motion, despite having ample time and opportunity to do so. TBS reminds the Court that a Rule 14(a) motion may be denied on the basis of undue delay. *TBS's Brief in Oppostion,* Docket Entry No. 21 at *5 (citing *New York v. Solvent Chem. Co.*, 173 FRD 90

(W.D.N.Y. 1998)). TBS contends that MBE has not offered any legitimate reason for the delay in filing and TBS urges the Court to deny on that basis. *TBS's Opposition* at *6; *see also New York v. Waterfront Airways, Inc.,* 620 F. Supp. 411 (S.D.N.Y. 1985). TBS characterizes this motion as a request by MBE to violate an Order of the Court.

TBS asserts that, contrary to what has been alleged by MBE, the introduction of a third-party defendant "completely changes the character of this litigation." *TBS's Opposition* at *6. TBS contends that additional and increased discovery will be required, that the costs of litigation will increase, that additional judicial resources will have to be expended and that the likelihood of settlement will decrease, almost to the point where TBS believes that resolution will not be possible if the Harrises are made third-party defendants. *Id.* at *6-7. Finally, TBS contends that the changes to this case if MBE's motion is granted would harm TBS. *Id.*

MBE has filed a Reply in the form of a letter brief [Docket Entry No. 22]. MBE points out that, despite TBS's complaints regarding the delay in filing this motion, the motion was filed only 11 days beyond the deadline set forth in the Court's Scheduling Order. Further, MBE notes that Rule 14(a) permits the filing of third-party Complaints upon leave of the Court. MBE reiterates that the 11 day delay in filing the motion was due to the transfer of this case from one attorney in the firm to another. MBE contends that courts have granted leave to file third-party complaints even when the motion was untimely under a scheduling Order. *MBE's Reply Letter Brief*, Docket Entry No. 22; *see also Hitachi Capital Am. Corp. V. Nussbaum Sales Corp.*, Civil Action No. 09-731, 2010 U.S. Dist. LEXIS 30562, at *18 (D.N.J. Mar. 30, 2010).

MBE asserts that TBS has not offered substantive reasons as to why the motion should not be granted. Contrarily, MBE argues that it has demonstrated the Harrises' potential liability for the

counterclaims asserted by MBE.  Thus, MBE believes its motion should be granted.

MBE states that TBS will not be prejudiced by the addition of the Harrises or by the slight delay their addition may cause.  MBE points out that TBS admits that it had notice of MBE's intent to join the Harrises.  MBE disagrees with TBS regarding the potential affect of the addition of the third parties on settlement and MBE contends that the likelihood of resolution of this matter is increased.  MBE asserts that joining all interested parties may provoke resolution of the matter without trial. *MBE's Reply* at *2.  MBE argues that, contrary to TBS's position, the interests of judicial economy are best served by having all related controversies litigated together. *Id.; see also Hitachi*, 2010 U.S. Dist. LEXIS 30562 at *7.  MBE explains that it intends to seek same or similar damages from the Harrises as it seeks from TBS in its existing counter-claims.  MBE contends that "[d]elay is a factor that must be weighed against the alternative prospect of two separate trials that may later need to be coordinated and consolidated. *MBE's Reply* at *2 (citing *Spencer v. Cannon Equip. Co.*, Civil Action No. 07-2437, 2009 U.S. Dist. LEXIS 55370 at *13 (D.N.J. June 29, 2009)).

**II.  ANALYSIS**

FED.R.CIV.P. 14(a) states that defendants may implead a third-party within 10 days after serving their original answer or with leave of Court.  "A primary purpose of Rule 14 is to avoid circuity of action and multiplicity of litigation." *Erkins v. Case Power & Equipment Co.*, 164 F.R.D. 31, 32 (D.N.J. 1995) (superseded on other grounds by statute, N.J.S.A. 2A:15-97 (*citing Dysart v. Marriott Corp.*, 103 F.R.D. 15, 18 (E.D. Pa. 1984)).  "In pursuit of this goal, many courts consider the following factors when deciding a motion under Rule 14: 1) the timeliness of the motion, 2) the

potential for complication of issues at trial, 3) the probability of trial delay, and 4) whether the plaintiff may be prejudiced by the addition of parties." *Id.* The Court further notes that, "the basis for third-party liability is generally either contribution or indemnity." *Id.* (*citing Anderson v. Dreibelbis*, 104 F.R.D. 415, 416 (E.D. Pa. 1984), *aff'd* 787 F.2d 580 (3d Cir. 1986)).

Since an early time in this litigation, all parties were aware of the existence of the Harrises and of the potential that they might be joined as third-party defendants at some later point. Although MBE delayed in seeking leave to join the Harrises, the fact remains that the motion was brought only 11 days past the Court ordered deadline for the filing of such a motion. Therefore, although MBE's motion is technically untimely, it was not filed so far beyond the deadline as to cause significant disruption in the flow of the litigation. In addition, both parties agree that discovery is still in its infancy; therefore, any increase in discovery due to the Harrises' addition will have minimal impact on the parties and will not significantly delay trial.

Notably, TBS does not object to MBE's motion on its merits. Rather, TBS merely objects to the fact that the motion was filed at this point in the litigation. In light of the fact that it appears that the Harrises are potentially liable for MBE's counterclaims, the Court finds that any delay their addition to this litigation may cause will be minimal and will be outweighed by the benefits of consolidating this matter. Further, in light of the similar damages sought from TBS and the Harrises, the Court finds that there is little potential for the complication of issues at trial if the Harrises are joined.

Finally, although the character of this litigation may change and costs may increase, as TBS alleges, the Court finds that the change is ultimately for the better because it promotes judicial economy and any increase in the costs of this litigation will be offset by the potential costs to the

parties if MBE were to file an entirely separate litigation in order to seek damages from the Harrises. The Court also notes that TBS has not provided any basis for its assertion that the likelihood of settlement will decrease.

### III. CONCLUSION

For the reasons discussed above, and for good cause shown

IT IS on this 7th day of September, 2012,

ORDERED that MBE's Motion for leave to file a Third-Party Complaint [Docket Entry No. 19] is GRANTED; and it is further

ORDERED that MBE shall file its Third-Party Complaint, no later than **September 17, 2012**; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 19] accordingly.

                                      s/ Tonianne J. Bongiovanni
                                  **HONORABLE TONIANNE J. BONGIOVANNI**
                                  **UNITED STATES MAGISTRATE JUDGE**